UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
JACQUES SYLVESTRE,

                                      **Plaintiff,**

      v.

**JS NORTH SHORE MOTORS, LLC dba**
**ADVANTAGE HONDA,**

                                      **Defendant.**
------------------------------------------------------------------------X

**Docket No.:**
**20-cv-05968 (RGB)(SIL)**

**ANSWER**

        Defendant, JS NORTH SHORE MOTORS, LLC dba ADVANTAGE HONDA. ("JS" or "Defendant"), by and through its attorneys, Milman Labuda Law Group, PLLC, answers the Complaint ("Complaint") of Plaintiff, JACQUES SYLVESTRE ("Plaintiff") as follows:

        1.      Defendant denies the truth of the allegations contained in ¶ 1 of the Complaint.

        2.      Paragraph 2 of the Complaint purports to set forth legal conclusions to which no response is required. To the extent that ¶ 2 of the Complaint sets forth any allegations of fact to which a response is required, Defendant denies those allegations.

## AS TO "JURISDICTION AND VENUE"

        3.      Paragraph 3 of the Complaint purports to set forth legal conclusions to which no response is required. To the extent that ¶ 3 of the Complaint sets forth any allegations of fact to which a response is required, Defendant denies those allegations.

        4.      Paragraph 4 of the Complaint purports to set forth legal conclusions to which no response is required. To the extent that ¶ 4 of the Complaint sets forth any allegations of fact to which a response is required, Defendant denies those allegations.

5. Paragraph 5 of the Complaint purports to set forth legal conclusions to which no response is required. To the extent that ¶ 5 of the Complaint sets forth any allegations of fact to which a response is required, Defendant denies those allegations.

## AS TO "PARTIES"

6. Defendant denies knowledge or information sufficient to form a basis as to the truth of the allegations contained in ¶ 6 of the Complaint.

7. Defendant admits the truth of the allegations contained in ¶ 7 of the Complaint.

## AS TO "FACTS"

8. Defendant denies the truth of the allegations contained in ¶ 8 of the Complaint insofar as the prior Lease transaction is at issue in this litigation. Defendant admits the remaining allegations contained in ¶ 8 of the Complaint.

9. Defendant denies the truth of the allegations contained in ¶ 9 of the Complaint.

10. Defendant admits the truth of the allegations contained in ¶ 10 of the Complaint.

11. Defendant admits the truth of the allegations contained in ¶ 11 of the Complaint.

12. Defendant admits the truth of the allegations contained in ¶ 12 of the Complaint.

13. Defendant admits the truth of the allegations contained in ¶ 13 of the Complaint insofar as the amounts listed under the RISC are accurate based on the information provided by Honda Financial Services ("HFS") and deny knowledge or information sufficient to form a basis as to the portion of ¶ 13 that states that Plaintiff did not ask for the "VSA" charge.

14. Defendant admits the truth of the allegations contained in ¶ 14 of the Complaint.

15. Defendant denies the truth of the allegations contained in ¶ 15 of the Complaint.

16. Defendant denies knowledge or information sufficient to form a basis as to the truth of the allegations contained in ¶ 16 of the Complaint.

17. Defendant denies the truth of the allegations contained in ¶ 17 of the Complaint.

18. Defendant denies knowledge or information sufficient to form a basis as to the truth of the allegations contained in ¶ 18 of the Complaint.

19. Defendant denies knowledge or information sufficient to form a basis as to the truth of the allegations contained in ¶ 19 of the Complaint.

20. Defendant denies knowledge or information sufficient to form a basis as to the truth of the allegations contained in ¶ 20 of the Complaint.

21. Defendant denies knowledge or information sufficient to form a basis as to the truth of the allegations contained in ¶ 21 of the Complaint.

22. Defendant denies knowledge or information sufficient to form a basis as to the truth of the allegations contained in ¶ 22 of the Complaint.

23. Defendant denies knowledge or information sufficient to form a basis as to the truth of the allegations contained in ¶ 23 of the Complaint.

## AS TO "FIRST CAUSE OF ACTION"
### 15 U.S.C. § 1601 *et. seq.* Truth in Lending Act

24. Inasmuch as a response is required concerning the allegations contained in ¶ 24 of the Complaint, Defendant repeats and reasserts each and every answer previously given as if set forth fully herein.

25. Paragraph 25 of the Complaint purports to set forth legal conclusions to which no response is required. To the extent that ¶ 25 of the Complaint sets forth any allegations of fact to which a response is required, Defendant denies those allegations.

26. Defendant denies the truth of the allegations contained in ¶ 26 of the Complaint.

27. Paragraph 27 of the Complaint purports to set forth legal conclusions to which no response is required. To the extent that ¶ 27 of the Complaint sets forth any allegations of fact to which a response is required, Defendant denies those allegations.

28. Defendant admits the truth of the allegations contained in ¶ 28 of the Complaint to the extent that the RISC lists the vehicle being purchased as collateral, and deny that the vehicle is listed as an article of personal property.

29. Defendant denies the truth of the allegations contained in ¶ 29 of the Complaint.

30. Defendant admits the truth of the allegations contained in ¶ 30 of the Complaint and further states that soon thereafter the RISC was finalized, it was assigned to HFS in accordance with the assignment clause under the RISC.

31. Defendant denies the truth of the allegations contained in ¶ 31 of the Complaint.

32. Defendant denies the truth of the allegations contained in ¶ 32 of the Complaint.

33. Paragraph 33 of the Complaint purports to set forth legal conclusions to which no response is required. To the extent that ¶ 33 of the Complaint sets forth any allegations of fact to which a response is required, Defendant denies those allegations.

34. Paragraph 34 of the Complaint purports to set forth legal conclusions to which no response is required. To the extent that ¶ 34 of the Complaint sets forth any allegations of fact to which a response is required, Defendant denies those allegations.

35. Defendant denies the truth of the allegations contained in ¶ 35 of the Complaint.

36. Paragraph 36 of the Complaint purports to set forth legal conclusions to which no response is required. To the extent that ¶ 36 of the Complaint sets forth any allegations of fact to which a response is required, Defendant denies those allegations.

37. Paragraph 37 of the Complaint purports to set forth legal conclusions to which no response is required. To the extent that ¶ 37 of the Complaint sets forth any allegations of fact to which a response is required, Defendant denies those allegations.

38. Paragraph 38 of the Complaint purports to set forth legal conclusions to which no response is required. To the extent that ¶ 38 of the Complaint sets forth any allegations of fact to which a response is required, Defendant denies those allegations.

39. Paragraph 39 of the Complaint purports to set forth legal conclusions to which no response is required. To the extent that ¶ 39 of the Complaint sets forth any allegations of fact to which a response is required, Defendant denies those allegations.

40. Defendant denies knowledge or information sufficient to form a basis as to the truth of the allegations contained in ¶ 40 of the Complaint.

41. Defendant denies knowledge or information sufficient to form a basis as to the truth of the allegations contained in ¶ 41 of the Complaint.

42. Paragraph 42 of the Complaint purports to set forth legal conclusions to which no response is required. To the extent that ¶ 42 of the Complaint sets forth any allegations of fact to which a response is required, Defendant denies those allegations.

### AS TO "SECOND CAUSE OF ACTION"
### N.Y.P.P.L. § 301 *et. seq.*

43. Inasmuch as a response is required concerning the allegations contained in ¶ 43 of the Complaint, Defendant repeats and reasserts each and every answer previously given as if set forth fully herein.

44. Paragraph 44 of the Complaint purports to set forth legal conclusions to which no response is required. To the extent that ¶ 44 of the Complaint sets forth any allegations of fact to which a response is required, Defendant denies those allegations.

45. Paragraph 45 of the Complaint purports to set forth legal conclusions to which no response is required. To the extent that ¶ 45 of the Complaint sets forth any allegations of fact to which a response is required, Defendant denies those allegations.

46. Paragraph 46 of the Complaint purports to set forth legal conclusions to which no response is required. To the extent that ¶ 46 of the Complaint sets forth any allegations of fact to which a response is required, Defendant denies those allegations.

47. Defendant denies the truth of the allegations contained in ¶ 47 of the Complaint.

48. Paragraph 48 of the Complaint purports to set forth legal conclusions to which no response is required. To the extent that ¶ 48 of the Complaint sets forth any allegations of fact to which a response is required, Defendant denies those allegations.

49. Defendant denies the truth of the allegations contained in ¶ 49 of the Complaint.

50. Defendant denies the truth of the allegations contained in ¶ 50 of the Complaint.

51. Defendant denies the truth of the allegations contained in ¶ 51 of the Complaint.

52. Defendant denies the truth of the allegations contained in ¶ 52 of the Complaint.

53. Paragraph 53 of the Complaint purports to set forth legal conclusions to which no response is required. To the extent that ¶ 53 of the Complaint sets forth any allegations of fact to which a response is required, Defendant denies those allegations.

54. Defendant denies the truth of the allegations contained in ¶ 54 of the Complaint.

## AS TO "THIRD CAUSE OF ACTION"
**N.Y. Gen. Bus. Law § 349(h)**

55. Inasmuch as a response is required concerning the allegations contained in ¶ 55 of the Complaint, Defendant repeats and reasserts each and every answer previously given as if set forth fully herein.

56. Paragraph 56 of the Complaint purports to set forth legal conclusions to which no response is required. To the extent that ¶ 56 of the Complaint sets forth any allegations of fact to which a response is required, Defendant denies those allegations.

57. Defendant denies the truth of the allegations contained in ¶ 57 of the Complaint.

58. Defendant denies the truth of the allegations contained in ¶ 58 of the Complaint.

59. Defendant denies the truth of the allegations contained in ¶ 59 of the Complaint.

60. Defendant denies the truth of the allegations contained in ¶ 60 of the Complaint.

61. Defendant denies the truth of the allegations contained in ¶ 61 of the Complaint.

62. Defendant denies the truth of the allegations contained in ¶ 62 of the Complaint.

63. Defendant denies the truth of the allegations contained in ¶ 63 of the Complaint.

### AS TO "FOURTH CAUSE OF ACTION"
**Common Law Fraud**

64. Inasmuch as a response is required concerning the allegations contained in ¶ 64 of the Complaint, Defendant repeats and reasserts each and every answer previously given as if set forth fully herein.

65. Defendant denies the truth of the allegations contained in ¶ 65 of the Complaint.

66. Defendant denies the truth of the allegations contained in ¶ 66 of the Complaint.

67. Defendant denies the truth of the allegations contained in ¶ 67 of the Complaint.

68. Defendant denies the truth of the allegations contained in ¶ 68 of the Complaint.

69. Defendant denies the truth of the allegations contained in ¶ 69 of the Complaint.

### AS TO "FIFTH CAUSE OF ACTION"
**Conversion**

70. Inasmuch as a response is required concerning the allegations contained in ¶ 70 of the Complaint, Defendant repeats and reasserts each and every answer previously given as if set forth fully herein.

71. Paragraph 71 of the Complaint purports to set forth legal conclusions to which no response is required. To the extent that ¶ 71 of the Complaint sets forth any allegations of fact to which a response is required, Defendant denies those allegations.

72. Defendant denies the truth of the allegations contained in ¶ 72 of the Complaint.

73. Defendant denies the truth of the allegations contained in ¶ 73 of the Complaint.

74. Defendant denies the truth of the allegations contained in ¶ 74 of the Complaint.

75. Defendant denies the truth of the allegations contained in ¶ 75 of the Complaint.

76. Defendant denies the truth of the allegations contained in ¶ 76 of the Complaint.

77. Defendant denies the truth of the allegations contained in ¶ 77 of the Complaint.

### AS TO "SIXTH CAUSE OF ACTION"
**Breach of Contract**

78. Inasmuch as a response is required concerning the allegations contained in ¶ 78 of the Complaint, Defendant repeats and reasserts each and every answer previously given as if set forth fully herein.

79. Paragraph 79 of the Complaint purports to set forth legal conclusions to which no response is required. To the extent that ¶ 79 of the Complaint sets forth any allegations of fact to which a response is required, Defendant denies those allegations.

80. Defendant admits the truth of the allegations contained in ¶ 80 of the Complaint.

81. Defendant denies the truth of the allegations contained in ¶ 81 of the Complaint.

82. Defendant denies the truth of the allegations contained in ¶ 82 of the Complaint.

## AS TO "SEVENTH CAUSE OF ACTION"
### Breach of Warranty of Title

83. Inasmuch as a response is required concerning the allegations contained in ¶ 83 of the Complaint, Defendant repeats and reasserts each and every answer previously given as if set forth fully herein.

84. Paragraph 84 of the Complaint purports to set forth legal conclusions to which no response is required. To the extent that ¶ 84 of the Complaint sets forth any allegations of fact to which a response is required, Defendant denies those allegations.

85. Paragraph 85 of the Complaint purports to set forth legal conclusions to which no response is required. To the extent that ¶ 85 of the Complaint sets forth any allegations of fact to which a response is required, Defendant denies those allegations.

86. Defendant denies the truth of the allegations contained in ¶ 86 of the Complaint.

87. Defendant denies the truth of the allegations contained in ¶ 87 of the Complaint.

88. Defendant denies that Plaintiff is entitled to the remedies sought as stated in the prayer for relief section of the Complaint.

## DEFENDANT'S AFFIRMATIVE DEFENSES
### FIRST AFFIRMATIVE DEFENSE

1. Plaintiff's claims, in whole or in part, fail to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

2. Any violation of the law or damage suffered by Plaintiff, which Defendant denies, was due to the affirmative actions and/or omissions of Plaintiffs or others, and does not give rise to any liability of Defendant.

### THIRD AFFIRMATIVE DEFENSE

3. Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

### FOURTH AFFIRMATIVE DEFENSE

4. Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

### FIFTH AFFIRMATIVE DEFENSE

5. Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel.

### SIXTH AFFIRMATIVE DEFENSE

6. Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

### SEVENTH AFFIRMATIVE DEFENSE

7. Plaintiff is not entitled to an award of attorneys' fees.

### EIGHTH AFFIRMATIVE DEFENSE

8. The Complaint and all claims for relief therein should be dismissed on the ground that Plaintiff failed to join a necessary and indispensable party

### NINTH AFFIRMATIVE DEFENSE

9. Plaintiff is not entitled to an award of any damages, including but not limited to compensatory damages, punitive damages or attorneys' fees.

### TENTH AFFIRMATIVE DEFENSE

10. Defendant has at all times acted in good faith compliance with applicable law. The actions of the Defendant, as alleged in the Plaintiff's complaint, were undertaken in good faith and justified by legitimate business motives, purposes and reason, with the absence of injury to the Plaintiff, and constituted lawful, proper and justified activities. Additionally, any violation of the law, which Defendant denies, was not intentional and resulted, if at all, from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such errors.

### ELEVENTH AFFIRMATIVE DEFENSE

11. Plaintiff's claims are barred for failure to submit to binding arbitration.

### TWELFTH AFFIRMATIVE DEFENSE

12. Plaintiff's claims are barred for failure to exhaust administrative requirements.

### THIRTEENTH AFFIRMATIVE DEFENSE

13. With respect to Plaintiff's claims of emotional distress, the conduct complained of were not extreme or outrageous or malicious.

### FOURTEENTH AFFIRMATIVE DEFENSE

14. Defendant acted lawfully and in good faith and without any intent to deny Plaintiff any rights under the laws upon which this action is based.

### FIFTEENTH AFFIRMATIVE DEFENSE

15. Defendant denies that the Plaintiff suffered any emotional, psychological and/or physical damages whatsoever as a result of any actions taken by Defendant and any emotional, psychological and/or physical condition suffered by Plaintiff is attributable to causes wholly independent of any actions taken Defendant.

### SIXTEENTH AFFIRMATIVE DEFENSE

16. The actions complained of were reasonable and in full accord with applicable law.

### SEVENTEENTH AFFIRMATIVE DEFENSE

17. That at all time herein mentioned and mentioned in the complaint, all agents servants and/or employees of Defendant having anything to do with Plaintiff were in the performance of their respective duties as agents, servants and/or employees of the Defendant; that all of the acts of such persons in connection with the Complainant were performed in good faith, without malice and with reasonable and proper cause in the ordinary course of their duties.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

18. Defendant met and satisfied any and all obligations to Plaintiff that arose out of the RISC and therefore, this action is barred, in whole or in part, by the doctrine of accord and satisfaction.

**NINETEENTH AFFIRMATIVE DEFENSE**

19. Plaintiff's damages, if any, were not proximately caused by the acts or omissions of Defendant.

**TWENTIETH AFFIRMATIVE DEFENSE**

20. Plaintiff's claims for relief are barred to the extent that he has failed, upon information and belief, to mitigate his damages.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

21. Plaintiff's claims for relief are barred by his failure to perform his obligations under the RISC. Plaintiff had issued a stop-payment through his bank, Capital One, for the financing of the car.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

22. Plaintiff's purported fifth cause of action for conversion should be dismissed because Plaintiff has failed to make any demand to Defendants, nor have Defendants refused to return or dispose of any such alleged property that Plaintiff claims it is in unlawful possession of.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

23. Plaintiff has failed to set for, in particular detail, alleged fraud committed by Defendant and have failed to comply with CPLR 3016(b).

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

24. The alleged acts and/or omissions of Defendant were not the proximate cause of any of the damages allegedly sustained by Plaintiff.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

25. The Complaint is presented in conclusory and vague terms, which prevents Defendant from anticipating all affirmative defenses and claims that may be applicable in this action. Therefore, to the extent permitted under the Federal Rules of Civil Procedure and applicable case law, Defendants reserve the right to assert additional defenses or claims that may become known during the course of discovery.

**WHEREFORE,** Defendant respectfully requests that the Court dismiss the Complaint in its entirety including each and every demand and prayer for relief contained in the Complaint, and grant such other and further relief that the Court deems just and proper.

Dated: January 26, 2021
Lake Success, NY

/s/ Michael J. Mauro, Esq.
Michael J. Mauro, Esq.
Kyle F. Monaghan, Esq.
MILMAN LABUDA LAW GROUP, PLLC
Attorneys for Defendant
3000 Marcus Avenue, Suite 3W8
Lake Success, NY 11042
(516) 328-8899 (office)
(516) 328-0082 (facsimile)
michael@mllaborlaw.com
kyle@mllaborlaw.com