**INDIVIDUAL MOTION PRACTICES OF
MAGISTRATE JUDGE STEVEN I. LOCKE
100 Federal Plaza
Central Islip, NY 11722
Courtroom 820
Contact:   Criminal matters: Kristin Gandiosi at (631) 712-5724
Civil matters:  Law Clerks at (631) 712-5720**

**THESE INDIVIDUAL RULES ARE IN EFFECT AS OF JULY 13, 2017**

**1.  Electronic Case Filing (ECF)**

A. **All documents** in civil actions MUST be filed electronically, with the limited exception stated in paragraph 1(F), *infra*. Litigants proceeding *pro se* are exempt from ECF requirements. Information about ECF procedures, including the ECF User's Guide, is available on the Eastern District Website [http://www.nyed.uscourts.gov]. For questions regarding ECF filing please call (718) 613-2571.

B. All orders issued by Judge Locke will be transmitted electronically. Hard copies will not be mailed to attorneys. Accordingly, attorneys are responsible for keeping their e-mail addresses current with the Clerk's Office. Hard copies will be mailed to *pro se* litigants, who are responsible for keeping their mailing addresses current with the Clerk's Office.

C. Any letter to Judge Locke requesting Court intervention, including those sent pursuant to Local Civil Rules 37.1 and 37.3 or requesting an adjournment or extension of discovery deadlines, must be electronically docketed under "Motions" and not under "Other Documents" as a "Letter."

D. *Filing Documents under Seal.* Documents may not be filed under seal without prior permission of the Court. For further instructions, *see* "Steps for E-filing Sealed Documents," www.nyed.uscourts.gov/cmecf-documentation. Questions regarding these procedures should be directed to the Clerk's Office.

E. Hard copies of the following electronically filed papers must be sent to Chambers:

   i. Letter Motions with exhibits or attachments exceeding 15 pages in total.

   ii. Referred motions or motions on notice made to Judge Locke. Such papers must be clearly marked "Courtesy Copy" and indicate the ECF-assigned docket number. *See* Rule 4(C)(iv), *infra,* for further requirements.

   **Hard copies of any other electronically filed papers should not be sent to Chambers**.

F. *Ex parte* settlement statements required by the Court should not be electronically filed. These statements may be emailed to Courtroom Deputy Kristin Gandiosi at kristin_gandiosi@nyed.uscourts.gov.

**2. Communications with Chambers**

A.   *Telephone Calls.*  Telephone calls to Chambers are permitted.  All questions regarding criminal matters should be directed to Kristin Gandiosi at (631) 712-5724.  Other questions should be directed to the main Chambers number, (631) 712-5720.  If a call concerns a request for relief, all parties must be present.  If the parties are calling from a deposition, they should have the court reporter present to record any rulings.

B.   *Requests for Adjournments or Extensions of Time*.  **All requests for adjournments or extensions of time must be made in writing and filed electronically as motions at least two business days prior to the scheduled appearance,** absent an emergency.  Requests for adjournments or extensions must state the date of the original conference or deadline, the reason an adjournment or extension is needed, whether all parties consent (and reason(s) for withholding consent), and the number of prior adjournments or extensions.  Requests to adjourn a court proceeding must list at least three alternative dates when all parties are available.  Requests for extensions must establish good cause for the relief sought and must include a proposed amended scheduling order where appropriate.  **Requests for both adjournments and extensions of time must be filed electronically as "Motions."**  *See* Rule 1(C), *supra*.  Do <u>not</u> mail courtesy copies of these requests to Chambers.

**3.  Conferences**

A.   All conferences before Judge Locke are conducted in person in Room 820 of the Central Islip courthouse.  For represented parties, responsible counsel must be present.  Absent exceptional circumstances, appearances by phone are not permitted.  If an attorney or party is going to be late to a conference due to extenuating circumstances, the delayed individual must contact his or her adversary, and if the adversary is unavailable, the Court, and advise of the delay and expected arrival time.

B.   *Status Conferences.*  It is Judge Locke's practice to schedule a status conference after the first round of document discovery is exchanged.  If, at the time of the status conference, the parties have no issues that require the Court's attention, the parties may write a joint letter to the Court explaining the status of the case and requesting that the status conference be cancelled.  This letter should be electronically filed as a "Motion."  *See* Rule 1(C), *supra*.

C.   *Settlement Conferences.*  Judge Locke is available to conduct settlement conferences as appropriate subject to the following practices.  The parties should write a joint letter to the Court requesting a settlement conference.  The letter should contain three dates when all attorneys AND parties are available.  The Court will then select the first available of the designated dates that best fits the Court's schedule.  All attorneys and parties must appear in person for settlement conferences.  For corporate and similar entities, including governmental entities, someone with authority must be present.  Prior to the settlement conference the parties must engage in one round of negotiations with a demand and response.  Three days prior to the settlement conference, the parties should email an ex

parte pre-conference letter to Judge Locke's deputy, Kristin Gandiosi at kristin_gandiosi@nyed.uscourts.gov. The letter should address the facts as each party understands them, any case law the parties want to bring to the Court's attention, the history of settlement negotiations, and a realistic assessment of the party's settlement position.

**4. Motions**

A. *Discovery or Other Non-Dispositive Motions.*

   i. Letter Motions: discovery or other non-dispositive motions may be made by letter motion, pursuant to Local Civil Rules 37.1 and 37.3, and filed electronically as a "Motion." *See* Rule 1(C), *supra*. Parties must make a good faith effort to resolve disputes in person or by telephone, **before** making a motion. *See* Local Civil Rule 37.3 (a). Letter motions may not exceed three pages in length, exclusive of attachments. A response in opposition not exceeding three pages in length, exclusive of attachments, must be served and filed within four days. Replies are not permitted on letter motions. All letters must use one inch margins, single spacing, and 12 point font. No pre-motion conference is required.

   ii. Motions on Notice: Although parties are encouraged to make discovery and other non-dispositive motions by letter pursuant to Local Rule 37.3, such motions may be made on notice pursuant to Local Civil Rule 6.1 and must comply with paragraph 4(C), *infra*. No pre-motion conference is required.

B. *Dispositive Motions.* Dispositive motions, such as motions to dismiss and motions for summary judgment, must be made to the presiding District Judge, in conformance with his or her individual rules, unless the parties have consented to Judge Locke's jurisdiction for all purposes in accordance with 28 U.S.C. §636 (c)(1).

C. *General Motion Practices for Motions on Notice Made to Judge Locke.*

   i. Service of Motions: Unless otherwise directed by the Court, motion papers shall be served in accordance with Local Civil Rule 6.1.

   ii. Filing of Motions with the Court: With the exception of the motions set forth in paragraph 4(C)(vi), *infra,* all motions are subject to the "Bundle Rule," that is, no motion papers shall be filed with the Court until the motion is fully briefed by both sides and exchanges of all papers have been made. All motion papers should be filed electronically on the same filing date, and the moving party is responsible for the filing of all motion papers.

   Parties are advised that compliance with district court motion rules does not excuse noncompliance with Fed. R. App. P. 4. *See, e.g., Camacho v.*

*City of Yonkers,* 236 F.3d 112 (2d Cir. 2000).

    iii.    <u>Memoranda of Law</u>**:** Legal argument must be set forth in a memorandum of law. Unless prior permission has been granted, memoranda of law in support of and in opposition to motions on notice are limited to 25 pages, and reply memoranda are limited to 10 pages. Memoranda of 10 pages or more shall contain a table of contents. Case citations set forth in the body of the memoranda of law must contain pinpoint cites. All memoranda of law must use one inch margins, double spacing, and 12 point font. Affidavits or affirmations containing legal argument will be rejected. *See* Local Civil Rule 7.1(a). **Any memoranda, affidavits, or affirmations not complying with the requirements set forth herein will be rejected.**

    iv.    <u>Courtesy Copies</u>: After electronic filing, one hard copy of the motion papers shall be submitted to Judge Locke. Courtesy copies of dispositive motions made to the District Judge should <u>not</u> be provided to Judge Locke unless such motions have been referred to him. Courtesy copies must comply with the following requirements: (a) copies of all papers must be clearly marked as "Courtesy Copy" and indicate the ECF-assigned docket number(s), and (b) exhibits must have tabbed dividers that protrude beyond the edges of the page at either the bottom or side of the papers.

    v.    <u>Oral Argument on Motions</u>: Parties may request oral argument. The Court will determine whether argument will be heard and, if so, will advise counsel of the argument date.

    vi.    <u>Motions Excepted from the Bundle Rule:</u> The following motions are not subject to the Bundle Rule:

        a. Motions for admission *pro hac vice*

        b. Motions for reconsideration pursuant to Local Civil Rule 6.3 of orders issued by Judge Locke

        c. In cases on consent to Judge Locke, motions pursuant to Fed. R. Civ. P. 50, 52, 59 or 60, motions pursuant to Fed. R. App. P. 4(a)(5), and motions brought by order to show cause

D.    *Summary Judgment Motions in Cases on Consent to Judge Locke.*

    i.    In cases where all parties are represented by counsel:

Any party planning to make a motion for summary judgment must notify the Court of its intention by electronically filing a letter that (a) briefly states the basis for the motion and (b) sets forth a proposed briefing schedule agreed to by the parties. No pre-motion conference is necessary. The Court will then issue an order either approving the parties' proposed briefing schedule or setting a new

one. Service and Filing requirements are set forth in Rule 4 (C)(i-ii), *supra*.

The movant must serve a Rule 56.1 Statement pursuant to Local Civil Rule 56.1; a Notice of Motion; an initial memorandum of law; and appropriate supporting documentation. The opponent must serve a Rule 56.1 Counterstatement pursuant to Local Civil Rule 56.1; a memorandum of law in opposition; and appropriate supporting documentation. The paragraphs in the Counterstatement must correspond to the paragraphs in the movant's Statement. The movant may then serve a Reply Memorandum of Law. All documents must comply with the requirements set out in Rule 4(C), *supra,* and in Local Civil Rule 56.1. Any documents that do not comply will be rejected.

ii. In cases where one or more of the non-movants is appearing *pro se*:

Where the party moving for summary judgment is represented by counsel and one or more of the non-movants is appearing *pro se*, the parties must follow the same steps set forth above in Rule 4(D)(i), plus, the movant must also serve on the *pro se* party or parties a Notice Pursuant to Local Civil Rule 56.2, and must include a copy of that Notice in the moving papers.

**5. Pretrial Procedures in Cases on Consent to Judge Locke**

A. *Joint Pretrial Orders*. On the date specified in the scheduling order, the parties shall submit a joint pretrial order that includes the following:

   i. the full caption of the action;

   ii. names, addresses (including firm names), and telephone and fax numbers of trial counsel;

   iii. a brief statement by plaintiff as to the basis of subject matter jurisdiction, and a brief statement by each other party as to the presence or absence of subject matter jurisdiction. Such statements shall include citations to all statutes relied on and relevant facts as to citizenship and jurisdictional amount;

   iv. a brief summary by each party of the claims and defenses that party has asserted which remain to be tried, without recital of evidentiary matter but including citations to all statutes relied on. Such summaries shall identify all claims and defenses previously asserted that are not to be tried;

      v.       a statement by each party as to whether the case is to be tried with or without a jury, and the number of trial days needed;

      vi.      any stipulations or agreed statements of fact or law that have been agreed to by all parties;

      vii.     a list by each party as to the fact and expert witnesses whose testimony is to be offered in its case in chief, indicating whether such witnesses will testify in person or by deposition. Only listed witnesses will be permitted to testify except when good cause is shown;

      viii.    a designation by each party of deposition testimony to be offered in its case in chief, with any cross-designations and objections by any other party; and,

      ix.      a pretrial memorandum, including citations to case law and/or the record as appropriate.

      x.       a schedule listing exhibits to be offered in evidence and, if not admitted by stipulation, the party or parties that will be offering them. The schedule must also include possible impeachment documents and/or exhibits, as well as exhibits that will be offered only on rebuttal. The parties must list and briefly describe the basis for any objections that they have to the admissibility of any exhibits to be offered by any other party. Parties are expected to resolve before trial all issues of authenticity, chain of custody, and related grounds. Only exhibits listed will be received in evidence except for good cause shown. All exhibits must be pre-marked for the trial and exchanged with the other parties at least ten days before trial. Where exhibits are voluminous, they should be placed in binders with tabs.

B.     *Filings Prior to Trial.* Unless otherwise ordered by the Court, each party shall electronically file, at least two weeks before the date of commencement of trial:

      i.       fully briefed motions in limine, if any;

      ii.      in jury cases, requests to charge and proposed voir dire questions. Requests to charge should be limited to the elements of the claims, the damages sought, and defenses. General instructions will be prepared by the Court. Proposed requests to charge must also be submitted in Word format by e-mail to the Courtroom Deputy: kristin_gandiosi@nyed.uscourts.gov;

      iii.     in jury cases, by claim, a detailed statement regarding damages and other relief sought;

    iv.       in non-jury cases, a statement of the elements of each claim or defense involving such party, together with a summary of the facts relied upon to establish each element;

    v.       in any case where such party believes it would be useful, a pretrial memorandum; and

    vi.      one copy of all exhibits, pre-marked in binders.